1:22-cv- 6150 Sec P

RECEIVED

DEC 0 6 2022

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

Carlos E. Aponte Sobrado )
          Plaintiff        )     CIVIL CASE No:
vs.                        )
United States of America   )
          Defendants       )

## CIVIL ACTION PURSUANT TO FEDERAL TORT CLAIMS ACT

## VERIFIED COMPLAINT FOR DAMAGES

1. Plaintiff Carlos Enrique Aponte Sobrado, currently residing at Federal Correctional Institution (F.C.I.) Jesup, 2680 Highway 301 South, Jesup, Georgia 31599, as INMATE: APONTE-SOBRADO, CARLOS, FED. REG. No. 33894-069. Plaintiff is acting in pro-se capacity and request that this Honorable Court grant this complaint in accordance with Federal Tort Claims Act (F.T.C.A.) Title 28 U.S.C. §§ 2671-80 and this claim be construed liberally to a lesser standard than drafted by learned counsel under Haines v. Kerner, 404 U.S. 519 (1972).

## I. Introduction

2. This is a civil action on a tort claim pursuant to the F.T.C.A., Title 28 U.S.C. §§ 1346 (b), 2671-80, filed by Plaintiff Carlos Enrique Aponte Sobrado, a federal prisoner/inmate/beneficiary, alleging "Property Damage" caused by "the negligence or wrongful act or omission, breach of fiduciary duty of any employee of the government Federal Bureau of Prisons (F.B.O.P.) While acting within the scope of his or her office or employment"...

3. Plaintiff seeks a monetary amount for his property damages in the amount sum of $1.6 Million Dollars per day.

## II Jurisdiction

4. Jurisdiction of this Honorable Court is invoked Pursuant to Title 28 U.S.C. §§ 1346 (b), 2671-80 in that this is a civil action bringing claim "against the United States (U.S.), for money damages, occurring on and after October 15, 2019, for property damages caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his or her office:

2.

5. Jurisdiction of this Honorable Court is invoked Pursuant to Title 28 U.S.C. § 1462 (b) in that Civil action on this Tort Claim against the United States is brought forward in the Judicial District Court for the Western District of Louisiana, the Judicial District where the Plaintiff resided when the act or omission complained of occured.

## III Procedural History

6. On or about October 15, 2019 until November 19, 2019, the Plaintiff Carlos Enrique Aponte Sobrado while being housed in A-D Unit at U.S.P. Pollock, state of Louisiana, requested A-D Unit Manager Beoubeff (first name u/k) to provide official service "Oath and Acknowledgement Stamp Pursuant 18 U.S.C § 4004" to verify Inmate/Plaintiff's identification and signature on several Legal documents. Unit Manager Beoubeff engaged in conduct clearly demonstrating his refusal to provide Plaintiff with the service sought which further amounts to a Breach of Fiduciary Duty owed to inmate/beneficiary and act of knowing and intentional negligence of duty owed.

Plaintiff provided Notification via the B.O.P.'s TRULINCS Electronic Inmate Request To Staff to A-D Unit Case Manager Calburn, Counselor McElwain, All Custodial Trustees, Trust Fund, Case Management services, and Complex Warden C. McConell, of Unit Manager Beaubeff's failure to provide the service requested... All failing to report the misconduct or provide remedial action. As a result of Unit Manager Beaubeff's abandonment of his post and duties Plaintiff drafted a "Statutory Power of Attorney Pursuant D.C. Code" Which granted Carlos Enrique Aponte Sobrado the authority to act as "Attorney-In-Fact electronically filed via TRULINCS Inmate Request To Staff requesting A-D Unit Team Members, Unit Manager Beaubeff, and Case Manager Calburn to provide additional services, namely, "Request For Full Accounting of all aggregate unpaid financial obligations secured by Collateral in Security agreement / Trust of record"; "Acceptance for Value & Return For Final Settlement and Discharge of Total Balance of Accounting"; and "Release and Discharge Orders", Tangible copies of Inmates Request To Staff (BP-AO148) Form where hand delivered to A-D Unit Counselor Mr. McElwain who scanned them into his Computer and forwarded

4.

Said documents to Unit Manager Beoubeff and
Legal Team. All Plaintiff's Inmate Request To Staff forms,
tangible and intangible, went unanswered and never
properly filed, and executed by AD Unit Team Members.
Plaintiff provided electronic notification to A-D Unit Team,
Case Management, up to Complex Warden C. McConell that
said failures and Conduct amounted to a "Breach of
Fiduciary Duty", "Violation of Standard of Employee
Conduct under (PS) 3420.11 et seq. and Duty of Care
under Title 18 U.S.C. §4042 (a)(1)-(3)", "Breach of
Security Agreement / Trust on Record", Which "Cancels
all existing Agreements /Trust / Contracts, depriving
Plaintiff of Right to Contract under Article 1, §10
of the U.S. Constitution.

7. Plaintiff now Suffers being violated of his
    Constitutional Rights and extorted to incur additional
debts after the above stated Breach of Fiduciary Duty
Cancelled all existing security Agreements / contracts
previously entered into by Plaintiff and U.S.P. Pollock
B.O.P. Officials.

8. On or about November 19, 2019, Plaintiff caused to be filed and delivered via TRULINCS Inmate Request To Staff an electronic Administrative Tort Claim in lieu of a formal Standar Form-95 (SF-95) Pursuant Program Statement (PS) 1320.06, 28 C.F.R. §§ 543, 31, and Federal Tort Claims Act (FTCA) 28 U.S.C. §§1346 (b), 2671-80, providing "Notice" to U.S.P. Case Management, Complex Warden Chris McConell, Special Investigative Service (SIS), and D.O.J. Attorney General's Office, due to the total sum amount in Controversy, $1.6 Million dollars per day.

9. On or about May 19, 2020, Plaintiff after not receiving a Notice of Receipt, filing number, nor reponse within 6-months of filing his Administrative Tort Claim as mandated by (PS) 1320.06, 28 C.F.R. § 543.32 (i), assumed his claim had been denied by the BOP's Regional Counsel, General Counsels and Attorney General's offices.

10. On July 8, 2020, Plaintiff assuming his electronic "Inmate Request To Staff" filling where sufficient to provide BOP agency Notice of claim and exhaustion of same, proceeded to file a Federal Tort Claims Act

6.

claim Pursuant 28 U.S.C. §§ 2671-80, §§ 1346 (b); 28 U.S.C. §1462 (b) in the United States District Court For The Western District of Louisiana, Which was received and filed as CARLOS APONTE-SOBRADO v. USA, Civ. Docket No: 1:20-cv-878-P.

11. On September 9, 2020, the Honorable Magistrate Judge Joseph H.L. Perez-Montes issued a Report & Recomendation (R&R) recomending Complaint be DISMISSED without Prejudice including Plaintiff failed to properly exhaust his administrative remedies by filing to file a Standard Form-95 with the proper agency, thus lacks jurisdiction. On September 28, 2020, the Hon. United States District Judge David C. Joseph ORDERED Complaint DISMISSED W/O PREJUDICE for lack of jurisdiction.

12. Plaintiff now files the foregoing Standard Form 95 (SF-95) with Attachments to the U.S.D.O.J.- FBOP Tort Section, South Central Regional Office, 344 Marine Force Drive at Grand Prairie, TX, to exhaust his claim administratively.

## IV. Exhaustion of Available Remedies

13. Pursuant to (PS)1320.06, 28 C.F.R. §543.31(c), Tort Claims Submitted to wrong location will be transferred to the appropriate Bureau Office... A claim that is transferred to another Bureau Office will be considered filed with that office when the claim was received by the first appropriate agency office, §543.32(a). Pursuant to Title 28 U.S.C. §2401(b), the Plaintiff files his claim with the Regional Office of the Bureau in the Region in which the claim originated, within two (2) years the claim occurred; the date accrument was November 19, 2019, when electronically sent, delivered and filed by Plaintiff via BOP's TRULINCS email System provided to Inmates which is property of the United States Department of Justice (U.S.-D.O.J.)

14. Furthermore, as governed by Title 28 U.S.C. §2401(b), the Plaintiff properly exhausted administrative remedies and then bring this lawsuit within the six-months allowed from final denial, on or about December 7, 2021.

8.

## V. Statement of Facts

15. From on or about October 15, 2019 until on or about November 19, 2019, United States Department of Justice - Federal Bureau of Prisons (F.B.O.P.) United States Penitentiary Pollock (USP-POL) employees Chris McConell, Complex Warden, and Administration Officials _ Beoubeff A-D Unit Manager, _ Calburn, A-D Case Manager, D. McElwain, A-D Unit Counselor, _ Wallace A-D Unit Secretary, J. Corley, Supervisor Receiving & Discharge Department (SCSS) _ Cox, Operations Lieutenant, _ Michel, Supervisor Investigative Services (SIS) _ Swan, Complex Captain; engaged in acts or omissions which caused damages to Plaintiff / Inmate's property... Within U.S.P.- Pollock in the State of Louisiana.

16. From on or about September 9, 2020, Plaintiff receive Report and Recomendation from the District Court of Louisiana, from Magistrate Judge Joseph H. L. Perez-Montes wherere specified the Plaintiff need exhausted the Administrative Remedy and he need send the Tort Claim with the Standard Form 95 (SF-95) to the Region Office before to enter on the Court. See EXHIBIT-"A"

9.

17. From February 1, 2021, Plaintiff send the Tort Claim to South Central Regional Office and February 22, 2021 the Regional Office asingme Administrative Tort Claim - TRT-SCR-2021-02697. See EXHIBIT-"B"

18. From March 24, 2021, Plaintiff receive From the Regional Office with Certified Mail # 7018 1830 0001 9499 1878, Notice by denied my Tort Claim on Based for Personal Injury. See EXHIBIT "C"

19. From April 13, 2021, Plaintiff respond to the Regional Office with Re consideration and Notification to Mr. Jason A. Sickler with Certified Mail # 7018 3090 0000 0266 2789 and explained your office commit big mistake when denied my Tort Claim on base to Personal Injury when my Tort Claim is on Base to Property Damage to My Real and Personal Property (Corpus Cum Causa). See EXHIBIT "D"

20 On May 3, 2021, Plaintiff receive notification from South Central Regional Office, Your Claim will be reopened and reconsidered. See EXHIBIT "E"

10.

21. From June 6, 2021, Plaintiff notified to Regional Office for the new address, because USP Pollock put on transfer, when Plaintiff receive the all property on FCI Jesup inmediately made Notification with the New address. See EXHIBIT "E"

22. On June 28, 2021, Plaintiff sent to the Regional office a Certificate of Noncompliance with Certified Mail # 7018 3090 0000 0266 2819. But Plaintiff never receive any answer on relation to the Certificate of Noncompliance. See EXHIBIT "G"

23. From on or about August 31, 2021, with Certified Mail # 7018 1830 0001 9496 8917, Plaintiff receive notification for Second time denied Tort Claim on base a Wrongful Imprisonment from Consolidate legal Center by Jason A. Sickler when this Tort Claim is on base a Misconduct by USP Pollock Administration. See EXHIBIT "H"  - -

24. On September 9, 2021, Plaintiff respond to Regional office with Certified Mail # 7018 3090 0000 0266 2727. Plaintiff send Reconsideration and Clarify my Tort Claim is Property Damages and no for Wrongful imprisonment. See EXHIBIT "I"

25. From on or about September 17, 2021, Plaintiff received notice from Consolidated Legal Center by Gerard Rawls Supervisory Attorney where he recognized this Tort Claim alleges misconduct occurring at USP Pollock. Gerard Rawls certified this Tort Claim is on base a misconduct by Pollock USP Administration. See EXHIBIT "J"

26. On September 22, 2021, Plaintiff sent to the Regional Office a Certificate of Default on accord to the Law a legal Process and never received any answer from the Regional Office. See EXHIBIT "K"

27. On December 7, 2021, Plaintiff sent to the Regional Office notification to after sent the Certificate of Default on September 22, 2021, Certified Mail # 7018 3090 0000 0266 2734, Past 2 months the Plaintiff has not received any answer from your office. For this reason I am Sending one copy by the Original Certificate of Default and all attachments. With Certified Mail # 7018 3090 0000 0267 5895. See EXHIBIT "L"

12.

28. On January 11, 2022, Plaintiff sent to the Regional Office Notification for second time with Certified Mail # 7021 1970 0001 3029 7379, after 2 months Plaintiff has not received any answer on relation to the Certificate of Default, for this reason I am Sending the Second copy by the Original Certificate of Default and all attachments. See EXHIBIT "L"

## VI. Claims For Relief

29. Pursuant the F.T.C.A., a Plaintiff may recover monetary awards from the United States for injury, property loss, or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of employment. The United States may be held liable only if the conduct complained of amounts to negligence in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346 (b). Substantive state law determines whether a cause of action exists, Johnson v. U.S.; 85 F. 3d 217, 219 (5th cir; 1996). To prevail on a negligence

claim under Louisiana (La.) civil codes articles 2312 and 2316, a Plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty elements); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendants substandard conduct was a cause-in-fact of the Plaintiff's injuries (the cause-in-fact element); (4) the defendants substandard conduct was a legal cause of the Plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). Brown v. Lee, 639 So. 2d. 897, 898-899 (La. App. 5 cir. 7/13/94), citing Roberts v. Benoit, 605 So. 2d. 1032 (La. 1991); Fowler v. Roberts, 556 So. 2d. 1, 4 (La. 1989); Scott v. State, 618 So. 2d. 1053 (La. App. 1 cir. 1993). Also La. C.C. art. 2315. See Jimmy Jones (BOP# 99204-071) versus United States of America, 2011 U.S. DIST. LEXIS 56358 (W.D.La., May 9, 2011).

30. Plaintiff will establish below, the following elements covered in the factual statement and attached exhibist "A-L" necessary to prove the action(s) of negligence.

14.

(1) Defendants Duty To Conform His Conduct To specific Standard:

(a) Claimant contends the United States Congress authorized the United States Department of Justice Attorney General to confine persons for violations of acts of Congress, see 18 U.S.C. §4001. Said authority is delegated by the U.S. Attorney General to the Director of the U.S. Federal Bureau of Prisons (FBOP) who delegates same to the Warden (s) and/or his designee (s) of each Prison/Correctional Facility. See 18 U.S.C. §4042 et. seq.

(b) Upon arrival and admission into the FBOP-USP Pollock Carlos Enrique Aponte Sobrado entered into a "Security/Trust Agreement/Contract" with USP-Pollock Receiving and Discharge (R&D) Officers when agreeing to and signing an a transfer of his property and registering an inventory of same for the purpose and term of "ADMISSION" on a "INMATE PERSONAL PROPERTY RECORD-BP-A0383 FORM"; Authorized the creation of a "Prisoner's Trust Fund Account," Management of All Funds received by the inmate/beneficiary while in Custody of U.S. Attorney General and authority to sing my name as endorsement on all checks money orders, bank drafts

15.

or other forms of negotiable instruments, via
"ACKNOWLEDGEMENT OF INMATE · PART 1 & 2 − BP-A407.058
FORM"; Authorized FBOP to monitor inmate phone
calls and designated my Mother / Parent as Emergency
Contact via "ACKNOWLEDGEMENT OF INMATE PART 3 & 4-
BP. A408.058; and Agreed to a "Goods and Service"
Contract / Program title "INSTITUTION ADMISSION
AND ORIENTATION PROGRAM CHECKLIST- BP- A0518
FORM. All combined records make up the "security /
Trust Agreement of record."


(c) Plaintiff contends the above "security / Trust Agreement"
creates a "Fiduciary - Beneficiary relationship between
Inmate (beneficiary), the U.S. Attorney General, FBOP
Director, USP- Pollock Warden and / or their respective
designee (s) (Fiduciary / Trustee / Guardian / Administrator(s) /
Manager (s)) all which requires Management, care,
Subsistence, Discipline and all other transactions be
Conducted in good faith and fair dealing. FBOP Policy
Directive (PS) 3420.11- Stardard Of Employee Conduct applies
to all employee (s) of the bureau and will conform to
procurement integrity and regulations and will uphold
the ethical rules governing their proffession and bureau

16.

employee(s) who fail to abide by same breaches title 18 U.S.C. §4042 (a)(1)-(3) the FBOP's Duty of Care owed to those in Bureau Custody. See Jones V. United States, 2011 U.S. Dist. LEXIS 56358 at 12 (M.D.La. May 4, 2011).

(d) FBOP (PS) 5321.08 (3)-UNIT MANAGEMENT MANUAL sets forth the ROLE OF THE UNIT MANAGER which states in relevant part: "The Unit Manager directs and Manages the housing unit and is responsible for the Units operations and Security, within appropriate policy, as well as for planning, developing, implementing, supervising, and coordinating individual programs tailored to meet the particular needs of inmates in the unit. Such programming often is highly innovative and complex and require close supervision and evaluation. This requires expertise to formulate and write programs as well as an ability to realistically evaluate program effectiveness to meet prescribed goals"... "Subsection (4)- STAFF ACCESSIBILITY TO INMATES states, in relevant part: Unit Managers, Case Managers, and Correctional Counselors will be accessible in their assigned unit daily during their scheduled hours of work. This could include touring the Unit, holding Open Houses, and others ways to encourage staff and inmate interaction"...

17.

(e) FBOP generates forms BP-S148.055 INMATE REQUEST TO STAFF (Tangible Form) which allows inmates to request and amendment to Security/Trust Agreement services which require official response time of two-five days from receipt by staff. FBOP via TRULINCS Electronic Inmate Request To Staff (Intangible Form) allows for a official response of three (3) weeks or a reasonable time after Staff receives the inmates request. (PS) 5511.07 INMATE REQUEST TO STAFF (8/14/1998). and (PS) 4500.12 (K) TRUST FUND/DEPOSIT FUND MANUAL (3/14/18). and (PS) 5800.18 CHAP-1 Definition and Responsibility at 103.

(f) FBOP Program Statement (PS) 5380.08 - Inmate Financial Responsibility Program - requires bureau staff to assist inmates in developing a financial plan/contract for meeting his/her financial obligations, such as special Assessments, Court-ordered restitution, fines and Court Costs, Child Support, Cost of Incarceration Fee, Supervision etc...

18.

(g) FBOP Program Statement (PS) 1320.06 - Federal Tort Claims Act, Codified at 28 C.F.R.§§ 543.30 - 543.32, governs and sets forth procedures for inmates to follow when filing a claim for money damages for personal injury or death and/or damage to or loss of property.

(h) FBOP Program Statement (PS) 3420.11 - Standard of Employee Conduct establishes policies and procedures, to compliment those issued by the office of Government Ethics on Employee Conduct and responsibility, and Procurement integrity issues, amongst other things, including Sanctions for employees failure to comply with the established Standards.

(2) Defendant Failed to Conform His Conduct To Appropriate, Standard Breach Of Duty Element:

Plaintiff realleges and incorporates the acts or omissions engaged in by USP-Pollock staff and Supporting EXHIBITS-"A-L" stated in paragraphs 15-28 above, as though fully set forth herein. Plaintiff contends U.S.-FBOP, USP-Pollock bureau officials despite having advanced knowledge of

19.

their duties, Standard of Employee Conduct - PS-3420.11, Duty Of Care - 18 U.S.C. § 4042; Complex Warden Chris McConell filed to assure his Administration Officials, i.e., Captain Swan, R&D SCSS J. Corley, A-D Unit Team Members Unit Managers Beoubeff, Roshto, Case Managers Calburn, Terrell, Counselor McElwain Conducted their duties - proper authentification, filing, and executing records, timely replying to Inmate Request To Staff, Holding Open House and Inmate Central Files Reviews - as mandated by (PS) 5321.08 Unit Management Manual, 28 C.F.R. §§ 513.40, Failure to Timely Notify Inmate of File Number and Investigation of Electronically Filed Administrative Tort Claim and any Disposition of same by the agency (BOP) and all officials failure to report acts of misconduct and CLASS-1 violations as mandated by (PS) 1210.24 - Office of Internal Affairs policy.

(3) Defendants Substandard Conduct Was A Cause - In - Fact of the Plaintiffs Injuries - The Cause - In - Fact Element:

But for the Defendants, USP-Pollock bureau officials failure to Conduct their duties as required by Policy

20.

Plaintiff's Inmate Request To Staff/Record would have been timely filed, authenticated, executed and responded to. Defendants breach of the Institution Admission & Orientation Program Checklist - BP-A0518/Service Agreement deprived plaintiff of a duty owed. Plaintiff's right to make timely payments of his financial obligations/debts, right to have inmate concerns addressed in a timely and reasonable manner, right to administrative remedy and right to Contract all were hindered and Cause by the defendant's actions.

(4) Defendants Substandard Conduct Was Legal Cause of Plaintiff's Injuries - The scope of Liability or scope of Protection Element:

Plaintiff's respectfully Contends that USP-FBOP Bureau employees Continuos arbitrary deprivation of Plaintiff's inmates rights and duties owed, Caused Plaintiff to seek redress by filing via FBOP TRULINCS electronic email - Inmate Request To Staff, an Administrative Tort Claim in Lieu of a Formal Standard Form (SF-95) all which has been ignored and repudiated by bureau employee (s); and

21.

(5) <u>Actual Damages (the Damages Element)</u>:

   Plaintiff has suffered actual damages to the use, enjoyment, of his property. Defendant's failure to file and execute Plaintiff's Inmate Request To Staff, provide a full accounting of the aggregate unpaid financial obligations has caused debt to continue, interest increase, breached all security agreements of record which cancels all agreements and related accounts.

Further use of Plaintiff's property, against his will and consent, an act of extortion, all damaging Plaintiff's property in the sum total amount of $1.6 Million dollars per day in light of <u>TREZEVANT V. CITY OF TAMPA, 741 F. 2d 336; 1984 U.S. App. LEXIS 18863</u> (11th cir. sept. 6, 1984).


   30. Plaintiff respectfully contends that based upon all the above stated Facts he has demonstrated standing to establish a negligence claim under the State of Louisiana Law in light of <u>Jimmy Jones (BOP# 99204-071) versus United States of America, 2011 U.S. Dist. LEXIS 56358</u> (W.D.La., May 4, 2011), against the United States of America for acts or omissions engaged in by employees of the D.O.S.-F.B.O.P.; USP Pollock while acting within the scope of his/her employment.

                                22.

31. Pursuant to 28 U.S.C. § 2675(b) and 28 C.F.R. § 142, the undersigned Claimant is required to request a specific sum amount for the damages incurred and/or settlement, as such, Claimant request a sum total of $1.6 million dollars per day, "or any remedy this Honorable Court deem equittable".

## Affidavit In Support Of Claims Made

I, Carlos Enrique Aponte Sobrado, declare under penalty of perjury, 18 U.S.C. § 1001, the Facts and Exhibits stated in Federal Tort Claim Acts under (PS) 1320.06 and 28 C.F.R. §§ 543.30 - 543.32, are within my personal knowledge and are true and correct, done by me with clean hands, in good faith, not meant to deceive and free from threats or promises...

SO HELP ME GOD.

Done, Signed and Executed on this 28 day of November, 2022.

"Claimant - Pro Se"           Respectfully,

BY: /s/ _Carlos E. Aponte Sobrado_ @ 11/28/2022 10:00 Am

FROM: CARLOS E. APONTE - SOBRADO
Fed. Reg. No. 33841-069
Federal Correctional Institution
2680 Highway 301 South
Jesup, Georgia 31599

23.