a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| CARLOS ENRIQUE APONTE SOBRADO #33841-069, Plaintiff | CIVIL DOCKET NO. 1:22-CV-06150 SEC P |
|---|---|
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| USA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed pursuant to the Federal Tort Claims Act ("FTCA") by pro se Plaintiff Carlos Aponte-Sobrado ("Aponte-Sobrado"). ECF No. 1. Aponte-Sobrado is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Jesup, Georgia.

Because Aponte-Sobrado's claim is duplicative of a previously filed and dismissed lawsuit, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

On May 19, 2022, Aponte-Sobrado filed suit under the FTCA seeking damages due to alleged negligence by an officer at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). *See* 1:22-CV-1390 (W.D. La.), ECF No. 1. The Complaint was denied and dismissed with prejudice as untimely and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at ECF No. 10.

1

The Complaint filed in this case is a duplicate of Aponte-Sobrado's previous Complaint. ECF No. 1.

## II. Law and Analysis

### A. Aponte-Sobrado's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Aponte-Sobrado is a federal prisoner who has been allowed to proceed in forma pauperis. ECF No. 6. As a prisoner seeking redress from a governmental entity, Aponte-Sobrado's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Aponte-Sobrado's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Lee's Complaint should be dismissed as malicious.

A district court may dismiss a lawsuit as malicious if it is duplicative or arises from the same series of events and alleges many of the same facts as an earlier suit. *See Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (affirming dismissal of complaint as duplicative and thus malicious because even if it raised new claims, the claims stemmed from the same event challenged in prior state and federal cases); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v.*

*Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Aptone-Sobrado's Complaint is a copy of the one filed in his prior suit, which was denied and dismissed with prejudice.

### III. Conclusion

Because Aponte-Sobrado's Complaint is duplicative, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE as malicious under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 27, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE